*884 OPINION OF THE COURT
Thomas A. Stander, J.
The defendant, Town of Brighton (Town), seeks summary-judgment dismissing the complaint of the plaintiffs, Elliott H. Press, individually and doing business as Westfall Development Company, and 1200 Scottsville Road Development, Inc. (hereinafter collectively referred to as Press), on the grounds that no special duty existed between the Town and Press and that the Town was acting in a quasi-judicial capacity.
The notice of motion of the defendant, Town of Brighton, indicates that the Town is seeking summary judgment against plaintiffs only. This decision and order addresses such motion. Within the supporting papers of the Town, there are various statements that the Town is also seeking summary judgment for dismissal of the cross claims of the codefendant, Lozier, Inc., against the Town. There was no appearance or opposition to this motion submitted by Lozier, Inc. Because the notice of motion does not include a request for summary judgment against Lozier, Inc., at this time the court is not determining any request by the Town to dismiss the cross claims of Lozier, Inc.
FACTS
The plaintiff, Press, commenced this action against the Town and Lozier in July 1995 asserting causes of action for breach of contract and negligence or professional malpractice against defendant, Lozier, and a cause of action for breach of a special duty against defendant, Town of Brighton.
In 1989 Elliott Press owned undeveloped property on West-fall Road in the Town of Brighton, which he decided to develop into a residential subdivision known as Barclay Square. Press hired Lozier to perform engineering services related to the project, which included preparing plans and specifications for the development.
Press intended to dedicate the roads and utilities within the development to the Town of Brighton upon completion of the construction of the development. In order to proceed with the development plans, certain approvals were required to be obtained from the Town of Brighton. Over a five-year period numerous development plans were submitted to the Town in relation to this project in an attempt to have the plans and specifications be in strict compliance with the Town’s minimum specifications for dedication. In July 1994 the Town of *885 Brighton issued final approval of the plaintiffs development plan.
SPECIAL RELATIONSHIP
A municipality may be subject to liability when a special relationship exists between the injured party and municipality. The Court of Appeals has set forth the generally accepted rule for determining when a special relationship exists between an injured person and a municipality. “ ‘The elements of [a] “special relationship” are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking’ ”, (Kircher v City of Jamestown, 74 NY2d 251, 257 [1989]; Cuffy v City of New York, 69 NY2d 255, 260 [1987].) Both Press and the Town agree on the applicable law as stated in Kircher v City of Jamestown and Cuffy v City of New York.
In determining the instant motion for summary judgment, the Town must establish its defense sufficiently to warrant the court as a matter of law in directing judgment in its favor. On the other hand, such motion shall be denied if plaintiff shows facts sufficient to require a trial of an issue of fact. (CPLR 3212 [b].) In reviewing this case, with all the papers submitted in opposition and in support, the Town has established its entitlement to summary judgment against Press as a matter of law.
The plaintiff asserts that there are questions of fact requiring a trial. The issues of fact which plaintiff attempts to show consist of a question about what was required by the Town regarding minimum cover on storm sewer pipes; whether the Town, through its course of conduct and communications with plaintiff, assumed a special duty to plaintiff in relation to the development plan; and whether the acts of the Town were in performance of a discretionary function.
To establish that a special relationship existed between the Town and plaintiff, the court must initially find all four elements set forth above. (See, Kircher v City of Jamestown, supra, at 257.) Although the plaintiff makes numerous arguments that there are questions of fact as to whether the five-year review process which occurred before final approval to the development plans of Barclay Square shows that the Town assumed, through promises or actions, an affirmative duty to act *886 on behalf of the plaintiff, this court finds these arguments specious.
The plaintiff was required to obtain final approval of its plans for developing Barclay Square in order to have the infrastructure dedicated to the Town of Brighton upon completion. In order to accomplish this, Press was required to submit plans to the Town for an assessment as to whether such plans complied with the Town’s minimum specifications for dedication. This process took a number of years of submitting plans, having the Town review and advise of the provisions which did not comply, and having new plans submitted by Press. It is true that often the Town would respond to the proposed plans with excruciating specificity in order to advise the plaintiff what was required in order to obtain final approval of the plans.
The plaintiff has failed to establish any question of fact as to how the Town, following its requirements that plans for developments comply with the Town’s minimum specifications for dedication, could ever be construed as creating an affirmative duty to act on behalf of the developer. The Town had no obligation to the plaintiff and no duty to approve the plans. If Press wanted final approval of his plans then he was required to comply with the Town’s requirements. There has been no showing of an assumption of an affirmative duty to act on behalf of the plaintiff; there is no showing of knowledge on the part of the Town that its inaction could lead to harm, and the plaintiff has not demonstrated any justifiable reliance. The Town was protecting its citizens, not the individual developer.
The plaintiff also indicates that the Town granted final approval to a set of development plans that did not strictly comply with the standards of the Town. However, the evidence submitted which includes a copy of plaintiff’s final plans for the standard detail for storm and sanitary sewers, specifically indicates a four-foot minimum cover. Furthermore, it was represented by plaintiff that the minimum cover requirements for dedication are met for all utilities.
The evidence presented is overwhelming that the elements required to establish a special relationship between plaintiff and the Town do not exist. The plaintiff has failed to show a question of fact as to whether a special relationship existed.
The plaintiff also relies on the statement in the letter of February 28, 1994 from Timothy Keef, P.E., Town Engineer, comments to sheet C-7, to show that there is at least a question of fact on whether the Town approved the final plans with approval for minimum cover on storm sewer pipes to be two feet. *887 Regarding the specific reference in the February 28, 1994 letter, it is clear and unambiguous that sheet C-7, paragraph 6 was addressing the depth of storm sewer between manholes Nos. 1 and 2. Due to problems related at this spot between those two manholes “minimum cover on all storm sewer pipe is to be 2 feet. Revise finished grades accordingly.” The Town Engineer had the authority to permit a deviation from the Town standards and did so here for this limited area.
The response received from Lozier, the hired engineer of plaintiff, in a letter dated April 12, 1994, states under sheet C-7, paragraph 6: “The storm sewer between manholes T and ‘2’ has been revised so as not to interfere with under drain and curbing and to provide a minimum cover of ‘2’ ”. These letters back and forth were referring to very specific items of concern which needed to be addressed. In addition, the drawings submitted to the Town for the sanitary sewer building lateral and the storm sewer building lateral both show a four-foot minimum cover. Therefore, the minimum cover requirement of four feet was clearly stated in the drawings submitted by plaintiff for approval of its projects. There is no writing waiving that four-foot minimum cover requirement, which is required by the Town standards, except for the storm sewer between manholes “1” and “2”. The plaintiff has not established any question of fact regarding a waiver of the four-foot cover requirement of utilities.
The defendant Town of Brighton’s motion for summary judgment dismissing the complaint of plaintiff, Press, is granted. The plaintiffs complaint is dismissed as against the Town of Brighton.
QUASI-JUDICIAL FUNCTION
Based upon the decision herein, this court does not address the Town of Brighton’s position that it is exempt from liability because it was performing a discretionary function when approving the development plans for Press.
ORDER
It is hereby ordered that the motion of the Town of Brighton for summary judgment dismissing the complaint of the plaintiff is granted; it is further ordered that the complaint of the plaintiff is dismissed as against defendant Town of Brighton.